UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Farnam Street Financial, Inc., | Case No. 23-cv-00254 (KMM/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Nabati Foods, Inc., | |
| Defendant. | |

This matter came before the Court on Plaintiff Farnam Street Financial, Inc.'s ("Farnam") motion for Default Judgment against Nabati Foods, Inc. ("Nabati").[1] [Motion for Default Judgment, ECF No. 12]. For the reasons set forth below, the Court grants the motion and awards damages for the amount addressed herein.

## BACKGROUND

Farnam Street and Nabati entered into an equipment lease agreement identified as Lease Agreement Number NA100421 ("Lease Agreement") in October 2021. [Complaint, ECF No. 1, ¶ 6; Lease Agreement, Exhibit A, ECF No. 1-1]. In connection with the Lease Agreement, Farnam Street and Nabati executed Lease Schedule No. 001R ("Schedule 1R"). [ECF No. 1 ¶ 7; Schedule 1R, Exhibit B, ECF No. 1-1]. Nabati committed to leasing $608,000 worth of Farnam's equipment for an initial term of 18 months. [*Id.* ¶ 8]. Schedule 1R's 18-month initial term would not commence until Nabati took the full amount of equipment, thereby satisfying the agreed upon commitment. [*Id.* ¶ 9]. Nabati

---

[1] Nabati Foods, Inc. is a Canadian entity. [ECF No. 1 ¶ 3].

only accepted and installed $541,667.24 worth of equipment and therefore did not satisfy its commitment and Schedule 1R has not yet to commence. [*Id.* ¶ 9]. Farnam filed a complaint on February 1, 2023, alleging breach of contract and seeking $852,850.19 in damages, plus other amounts due under the Lease Agreement and Schedule 1R, prejudgment interest, costs, expenses, and fees (including attorneys' fees) incurred in pursuing this action, and other unspecified equitable relief.

According to the affidavit of service filed by Farnman, Nabati was served with the Summons and complaint on March 8, 2023. [ECF No. 5]. Nabati then had 21 days to file an answer or otherwise respond to the Complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i), (b). That deadline has passed without any response to the Complaint. Farnam subsequently applied for entry of default under Federal Rule of Civil Procedure 55(a), and the Clerk of Court entered default as to Nabati on July 11, 2023. [ECF No. 11].

## ANALYSIS

### I. Default Judgment

To obtain a default judgment, a party must follow a two-step process. First, the party seeking a default judgment must obtain an entry of default from the Clerk of Court. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). As Farnam has sought an entry of default, which the Clerk of Court entered against Nabati on July 11, 2023, the first step of this process has been completed.

Second, after default has been entered, the party seeking affirmative relief "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Unless the complaint seeks a sum certain, a plaintiff cannot obtain a judgment without first "persuading a judge to enter that judgment." *AGCO Fin., LLC v. Littrell*, No. 16-CV-4105 (WMW/FLN), 2017 WL 7369877, at *2 (D. Minn. Dec. 15, 2017). Because there is a "judicial preference for adjudication on the merits," the law generally disfavors default judgments and such judgments "should be a rare judicial act." *Delve Health, LLC v. Graham*, No. 21-CV-2570 (KMM/TNL), 2022 WL 2609060, at *3 (D. Minn. July 8, 2022) (citing *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015)) (internal quotation marks omitted). However, in certain situations, a default judgment is required and "is not unfair" when the defendant who has been properly served with the summons and complaint does not respond or otherwise appear. *Trustees of the St. Paul Elec. Const. Indus. Fringe Benefit Funds v. Martens Elec. Co.*, 485 F. Supp. 2d 1063, 1065 (D. Minn. 2007) (noting that the defendant may "readily calculate [the] legal exposure" that the defendant risks if a default judgment is obtained and that, after the defendant is served with the complaint, it is obvious what would happen if the defendant does not appear). The district court has sound discretion in determining whether to enter a default judgment. *Belcourt*, 786 F.3d at 661.

On March 8, 2023, Farnam effected service of the Summons and Complaint on Jessica Li, an individual who is designated by law to accept service of process on behalf of

Nabati.[2] [ECF No. 5]. Farnam hired a Canadian process server, Action Process Serving Ltd., to serve the Summons and Complaint in this action on Nabati's registered attorney, Jessica Li. [ECF No. 20]. Ms. Li was served at English Bay Law Corporation's office, where she was a registered attorney at the time of service. [*Id.*] The summons warned that "judgment by default may be entered against [Nabati] for the relief demanded in the complaint" if Nabati did not answer to the complaint within 21 days of being served. To date, approximately eight months have passed since the Summons and Complaint were served, and Nabati has not responded or engaged in this litigation. In light of Nabati's failure to answer or otherwise defense themselves in any substantive way, default judgment is entered.

When a defendant is in default, the district court accepts as true all of the factual allegations in the complaint except those relating to the amount of damages. *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). However, the district court must "consider whether the unchallenged facts constitute a legitimate cause of action" because a party in default does not admit conclusions of law. *Id.* (internal quotation marks omitted).

Farnam's claims arise from the alleged breach of the Lease Agreement, and in connection with Schedule 1R. The elements of a breach-of-contract claim under Minnesota law are "(1) formation of a contract, (2) performance by plaintiff of any conditions precedent to the right to demand performance by the defendant, and (3) breach of the

---

[2] The Federal Rules of Civil Procedure require a party to serve the summons and complaint on a foreign corporation in the same manner of serving a foreign individual. *See* Fed. R. Civ. P. 4(h)(2).

4

contract by defendant." *Merchants Bank Equip. Fin. v. Snowtracks Com. Winter Mgmt., LLC*, No. 16-CV-2694 (WMW/DTS), 2020 WL 1910587, at *2 (D. Minn. Apr. 20, 2020). The party claiming a breach must have sustained losses as a result of the breach in order to recover. *See Gen. Mills Operations, LLC v. Five Star Custom Foods, Ltd.*, 703 F.3d 1104, 1107 (8th Cir. 2013).

The facts alleged in Farnam's Complaint, when accepted as true, establish that Nabati entered into a lease agreement to lease $608,000 worth of Farnam's equipment for a lease term of 18-months, only accepted and installed $541,667.24 worth of equipment, and subsequently defaulted under the terms and conditions of the Lease Agreement by failing to pay the amounts due, thereby preventing the commencement of Schedule 1R. These uncontested facts demonstrate Nabati's liability to Farnam and provide a basis for a valid breach of contract action.

## II. Damages

Upon default, all factual allegations in the complaint are deemed admitted except for those relating to the amount of damages. Fed. R. Civ. P. 8(b)(6); *see also Huntington Nat'l Bank v. DreamTeam Servs. Inc.*, No. 22-CV-1281 (WMW/DTS), 2023 WL 2465320, at *2 (D. Minn. Mar. 10, 2023). Since liability has been established, the sole remaining issue before the Court is to determine the amount of damages, which must be proved by a preponderance of the evidence. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001). The district court may determine damages "by taking evidence when necessary or by fixing the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly" in order to calculate damages. *Stephenson v. El-Batrawi*, 524

5

F.3d 907, 915 (8th Cir. 2008). The Court proceeds to address each component of Farnam's damages.

### A. Lease Agreement and Schedule 1R Damages

Nabati and Farnam Street entered into the Lease Agreement and Schedule 1R. Prior to the start of Schedule 1R's initial 18-month period, Nabati was required to select and install equipment necessary to fulfill its commitment of $608,000 worth of leased equipment. Nabati did not install sufficient equipment with respect to the Schedule 1R commitment, and therefore, Schedule 1R has not commenced. Nabati was required to pay $30,371.13 in interim rent each month until Schedule 1R started. [ECF No. 1 ¶ 5]. Nabati has failed to make the monthly interim rent payments, and as such, is in default of the Lease Agreement and Schedule 1R.

Farnam seeks to recover (1) past-due monthly rent payments in the amount of $343,858.08; (2) late fees in the amount of $34,036.01; and (3) casualty loss value of equipment in the amount of $541,667.24, with a reduction of $66,711.14 in the total due to the equipment sale.[3] [Declaration of Steven C. Morgan, ECF No. 15]. In total, Farnam is seeking $852,850.19 in damages. [*Id.*]

---

[3] According to the terms and conditions of the Lease Agreement, the following are the remedies that may be pursued in the event of a default:

> Should any Event of Default occur and be continuing, Lessor may, in order to protect its interests and reasonably expected profits, with or without notice or demand upon Lessee, pursue and enforce, alternatively, successively and/or concurrently, any one or more of the following remedies:
> (1) recover from Lessee all accrued and unpaid Lease Charges and other amounts due and owing on the date of the default;

In light of the uncontested sum that is supported by the record, the Court grants Farnam's request for default judgment as to the $852.850.19 amount in damages that resulted from Nabati's violation of the Lease Agreement and Schedule 1R.

**B. Attorney's Fees**

The Lease Agreement provides that "in the event of any default . . . Lessee [] shall pay to Lessor, on demand, all costs, expenses and fees paid or payable in connection with the Claim, including, but not limited to, attorneys' fees and out-of-pocket costs, including travel and related expenses incurred by Lessor or its attorneys." Farnam seeks attorneys'

---

(2) recover from Lessee from time to time all Lease Charges and other amounts as and when becoming due hereunder;

(3) accelerate, cause to become immediately due and recover the present value of all Lease Charges and other amounts due and/or likely to become due hereunder from the date of the default to the end of the lease term using a discount rate of three (3%) percent;

(4) cause to become immediately due and payable and recover from Lessee the Casualty Loss Value of the Equipment. . . .

Upon repossession of the Equipment, Lessor shall have the right to lease, sell or otherwise dispose of such Equipment in a commercially reasonable manner, with or without notice, at a public or private sale. Lessor's pursuit and enforcement of any one or more remedies shall not be deemed an election or waiver by Lessor of any other remedy. Lessor shall not be obligated to sell or re-lease the Equipment. Any sale or re-lease may be held at such place or places as are selected by Lessor, with or without having the Equipment present. Any such sale or re-lease, may be at wholesale or retail, in bulk or in parcels. Time and exactitude of each of the terms and conditions of this Lease Agreement are hereby declared to be of the essence. Lessor may accept past due payments in any amount without modifying the terms of this Lease Agreement and without waiving any rights of Lessor hereunder.

[ECF No. 1, Ex. A, P. 11].

fees incurred by Farnam in seeking to enforce its rights and remedies resulting from Nabati's default.

The Court will allow Plaintiff 21 days to submit its request for fees with the necessary supporting information. That request must be mailed, along with this Order, to an appropriate address for service on the Defendant. The Defendant shall have 14 days thereafter to oppose the request. The Court will issue a final Order and enter judgment after the issue of fees has been resolved.

## Order

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Farnam Street Financial, Inc.'s Motion for Default Judgment, [ECF No.14], is **GRANTED**; and

2. Default judgment will be entered in due course on behalf of Farnam Street Financial, Inc., against Defendant Nabati Foods, Inc. for $852,850.19 in damages arising from Nabati Foods, Inc.'s breach of the Lease Agreement and Schedule 1R, plus attorneys' fees incurred in the course of this litigation.

3. The Plaintiff has until December 27, 2023, to submit its request for fees, along with supporting documentation. The Defendant shall have until January 10, 2024, to respond.

Date: December 5, 2023         *s/Katherine Menendez*
                               Katherine Menendez
                               United States District Court