# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Farnam Street Financial, Inc., | Case No. 23-cv-00254 (KMM/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Nabati Foods, Inc., | |
| Defendant. | |

On February 1, 2023, Plaintiff Farnam Street Financial, Inc. ("Farnam") filed this action against Defendant Nabati Foods, Inc. ("Nabati"), alleging breach of contract. [Compl., ECF No. 1]. Despite being given adequate notice and numerous opportunities to participate in the litigation, Nabati never responded and did not appear. The Court granted Farnam's motion for default judgment and awarded Farnam $852,850.19 in damages arising from Nabati's breach. [ECF No. 22]. In that Order, the Court also ordered Nabati to pay Farnam its reasonable attorneys' fees and costs incurred in the course of this litigation. [*Id.*]

Now before the Court is Farnam's motion for attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 54. [Mot. for Attorneys' Fees, ECF No. 23]. Farnam seeks $12,027.50 in legal fees and $1,380.20 in costs. [Mem. in Supp. of Mot. for Attorneys' Fees, ECF No. 24]. Nabati did not respond to this motion either. For the reasons explained below, the Court grants Farnam's motion for attorneys' fees and costs in part.

I.     **Legal Standards**

District courts have "broad discretion" in awarding attorney's fees. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). Courts typically begin their analysis of determining a reasonable fee award by using the "lodestar" approach—the number of hours reasonably expended multiplied by a reasonable hourly rate. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986), *supplemented,* 483 U.S. 711 (1987); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Paris Sch. Dist. v. Harter*, 894 F.3d 885, 889 (8th Cir. 2018). When awarding fees, a court should aim to "do rough justice, not to achieve auditing perfection," and may resort to "estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

"A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated." *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001). In determining a reasonable hourly rate, district courts are permitted "to rely on their own experience and knowledge of prevailing market rates." *Hanig*, 415 F.3d at 825. The party seeking fees has the burden to produce "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see also Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002).

In addition to having the burden of showing the reasonableness of the requested rate, the party applying for an award of attorney's fees has the burden of "documenting the appropriate hours expended. . . ." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th

Cir. 2002). Just as courts assess the reasonableness of the claimed hourly rate, they must also "determine whether the hours claimed were reasonably expended." *Harter*, 894 F.3d at 889 (quotations omitted). Courts may rely on their own knowledge and experience in reaching that determination. *Id.*

II.   **Analysis**

   *Fees*

Although the Court must review the requested fees for reasonableness, it need not engage in line-by-line analysis of the bill. Here, as explained below, the Court finds that the requested fees of approximately $12,000 are somewhat overstated, and concludes that a total of $10,000 is more reasonable in light of the record before the Court.

First, the Court has concerns about applying the requested steep hourly rate to a simple, apparently entirely uncontested piece of litigation. Although the Court appreciates counsel's hourly rate reduction by $20 an hour for some of the services performed by Mr. Ashfield, the resulting $465 rate is still very high for relatively simple matters such as preparing brief letters or basic filings. And although the Court does not doubt that an associate at a prestigious firm like Stinson LLP can bill at such a rate for certain types of work, there is nothing in the record showing that such a rate, or even the reduced rate requested for Mr. Kitchen's work, is common for an ultimately unopposed motion for default judgment in a case like this.

Second, the Court believes that a modest discount is appropriate given the hours billed that are attributable to what the Court determined was inadequate proof of service in the first instance. As set forth in its Order of August 4, 2023 [ECF No. 19], the original

3

proof of service was deficient in demonstrating that service had been accomplished on a person with the authority to accept service, and that such service complied with the laws of the United States and Canada. While the Court agrees that the challenges of litigating against a Canadian entity justify more work and greater fees than had this matter involved an American company, at least several hundred dollars were spent in responding to the Court's Order when such information could have been included in the original affidavit.

Based on these considerations, the Court will order payment of $10,000 in fees rather than the requested $12,027.50. Rather than reflecting a line-by-line recalculation of the submitted billing, this number was chosen to achieve "rough justice, not to achieve auditing perfection. . . ." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

### *Bill of Costs*

The Federal Rules of Civil Procedure provide, in relevant part that "[u]nless a federal statute, these rules or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006) ("A prevailing party is presumptively entitled to recover all of its costs."). But courts have discretion in reducing or denying costs. *See Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006). Farnam requests $1,380.20 in associated costs through December 22, 2023. Here, the Court finds that the requested costs are recoverable and reasonable. As such, the Court awards Farnam the total amount requested in costs.

## CONCLUSION

For the reasons stated, the Court grants in large part Farnam's motion for attorneys' fees and costs sought in this motion. [ECF No. 23]. The Court grants Plaintiffs $10,000 in legal fees and $1,380.20 in costs.

### Order

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED that**:

1. Plaintiff Farnam Street Financial, Inc.'s Motion for Attorneys' Fees, [ECF No. 23], is **GRANTED in part**; and

2. Consistent with the Court's December 5, 2023, Order, Farnam Street Financial Inc. is entitled to default judgment in its favor against Defendant Nabati Foods for $852,850.19 in damages arising from Nabati Foods, Inc.'s breach of the Lease Agreement and Schedule 1R; and

3. Nabati Foods, Inc. shall pay Farnam Street Financial, Inc.'s attorney's fees incurred in the course of this litigation in the amount of $10,000 and its costs in the amount of $1,380.20.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: January 24, 2024

*s/Katherine Menendez*
Katherine Menendez
United States District Court